**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Marvin Williams, Jr., Appellant.

Appellate Case No. 2016-000545

───────────────

Appeal From Marion County
William H. Seals, Jr., Circuit Court Judge

───────────────

Unpublished Opinion No. 2018-UP-328
Submitted May 1, 2018 – Filed July 18, 2018

───────────────

**AFFIRMED**

───────────────

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

───────────────

**PER CURIAM:** Marvin Williams, Jr. appeals his conviction for criminal domestic violence, arguing the trial court erred by (1) overruling his objection to the victim's testimony alleging prior bad acts and (2) denying his motion for a

mistrial. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred by overruling Williams's objection to the victim's testimony: *State v. Fletcher*, 379 S.C. 17, 25, 664 S.E.2d 480, 484 (2008) ("Error is harmless beyond a reasonable doubt [when] it did not contribute to the verdict obtained."); *State v. Adams*, 354 S.C. 361, 380-81, 580 S.E.2d 785, 795 (Ct. App. 2003) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result."); *State v. Bryant*, 369 S.C. 511, 518, 633 S.E.2d 152, 156 (2006) ("[A]n insubstantial error not affecting the result of the trial is harmless [when] a defendant's guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached."); *State v. Parker*, 315 S.C. 230, 235, 433 S.E.2d 831, 833 (1993) (finding the trial court's erroneous admission of prior bad acts evidence was harmless beyond a reasonable doubt in light of overwhelming evidence of the defendant's guilt).

2. As to whether the trial court erred by denying Williams's motion for a mistrial: *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court."); *id.* ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *id.* ("The granting of a motion for a mistrial is an extreme measure that should only be taken if an incident is so grievous that the prejudicial effect can be removed in no other way."); *State v. Thompson*, 352 S.C. 552, 561, 575 S.E.2d 77, 82 (Ct. App. 2003) ("[A] vague reference to a defendant's prior criminal record is not sufficient to justify a mistrial [when] there is no attempt by the State to introduce evidence that the accused has been convicted of other crimes.").

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.